ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2020-Sep-22  17:23:32
60CV-20-5358
C06D09 : 7 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## _____ DIVISION

**STEVEN PETTIS**                                                                                       **PLAINTIFF**

vs.                                        CASE NO. _____

**CAPTAIN D'S, LLC, d/b/a**
**Captain D's Seafood Kitchen and**
**JOHN DOE ENTITIES 1-3**                                                                **DEFENDANTS**

### COMPLAINT

Comes now the Plaintiff, Steven Pettis, by and through his attorneys, Rainwater, Holt & Sexton, PA, and for his Complaint against the Defendants, hereby states and alleges the following:

### I. RESIDENCY & PARTIES

1.  Plaintiff Steven Pettis was, at all times relevant, a citizen and resident of North Little Rock, Arkansas.

2.  Defendant Captain D's LLC., is a for-profit corporation licensed to do business in the State of Arkansas. To the best of Plaintiff's information and belief, Captain D's registered agent for service is Corporation Service Company, 300 Spring Building, Ste. 900, 300 S. Spring Street, Little Rock, AR 72201.

3.  Defendant Captain D's, LLC, upon the Plaintiff's information and belief, owns and/or operates fast casual seafood restaurants under the moniker Captain D's Seafood Kitchen, to include locations within Pulaski County, Arkansas. Said locations are open to the general public

EXHIBIT 1

and the general public is invited to frequent the locations to purchase food for consumption in the in-house dining room.

4. The residency of John Doe Entities 1-3 remains unknown.

5. Plaintiff's counsel executed a "John Doe Affidavit" in accordance with *Arkansas Code Annotated § 16-56-125*, and it is attached hereto as **Exhibit A**.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to *Ark. Code Ann. § 16-13-201(a)*, which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

7. Venue is proper pursuant to *Ark. Code Ann. § 16-60-112(a)*, which provides that all actions for damages for personal injury may be brought in the county where the accident occurred which caused the injury or in the county where the person injured resided at the time of the injury.

## III. BASIC PREMISE

8. The incident giving rise to this cause of action occurred at the Captain D's location at 6301 Colonel Glenn Road, Little Rock, AR 72204.

9. This is a negligence action which arises from personal injuries sustained on Captain D's premises on or around July 11, 2018.

## IV. FACTS

10. On or about July 11, 2018, Steven Pettis was visiting the Captain D's located at 6301 Colonel Glenn Road, Little Rock, AR 72204 to purchase and consume food sold to the general public at this particular location and the general public is invited onto the premises and, as an invited guest, was considered an invitee of the facility owned and/or managed by Defendants.

11. Plaintiff, after purchasing his food, was walking in the dining area of the restaurant when suddenly, and without warning, his feet went out from under him as he slipped and fell on the floor that was wet.

12. Plaintiff noticed after the incident to which caused the Plaintiff to fall and suffer injuries, the floor appeared to have been previously mopped by employees and/or agents of Defendants.

13. The Defendants, through their agents and/or employees, had knowledge of the wet floor that had been previously mopped by employees but failed to adequately warn the public, notably the Plaintiff, of this danger.

14. To Plaintiff's best knowledge and recollection, there were no signs and/or other warnings present to warn the general public of the dangerous condition present, despite Defendants knowledge of the present and dangerous hazard.

15. As a result of the negligence of the Defendants the Plaintiff sustained personal injuries and damages.

## V. <u>CAUSE OF ACTION - NEGLIGENCE</u>

16. Defendants maintained the premises through their employees and/or agents. Defendants, through their employees and/or agents, acting in the course and scope of their employment/agency, owed Plaintiff a duty to use reasonable and ordinary care to maintain the premises in a reasonably safe condition.

17. Defendants, through their employees and/or agents, were negligent in that they created a hazardous condition by mopping the floor used by the general public in a time, scope and manner that was considered a hazard to the general public.

18. Defendants, through their employees and/or agents, were negligent in that they failed to warn the general public, including Plaintiff, of the dangerous hazard. Defendants failed to properly place cautionary signs and/or other signage in a manner for visibility to the general public and failed to alert their patrons to the hazardous condition, despite their knowledge of the danger.

19. Defendants, through their employees and/or agents, were negligent in that they mopped the dining area where people were present in a high traffic time and scope of the day for customers and diners.

20. Defendants maintained the premises through its employees and/or agents. Defendants, through its employees and/or agents, acting in the course and scope of their employment/agency, owed Plaintiff a duty to use reasonable and ordinary care to maintain the premises in a reasonably safe condition.

21. Defendants and their employees and/or agents, acting in the course and scope of their employment/agency, were negligent in that they failed to use ordinary and reasonable care to maintain the premises in a reasonably safe condition.

22. Defendants and their employees/agents were negligent in that they failed to clean up the hazardous substance on the floor nor did they properly mark or otherwise identify and warn patrons of the slip/trip hazard in the restaurant and seating/dining room, despite having knowledge of its existence prior to Plaintiff's incident and resulting injuries.

23. Defendants and their employees/agents were negligent in failing to remedy the hazardous slip condition once they knew of the condition.

24. Defendants' employees' and/or agents' negligent acts and omissions are imputed to the Defendants, their employer/principal under the legal doctrine of joint enterprise, respondeat superior, and/or the principles of agency as adopted by the State of Arkansas.

## VI. PROXIMATE CAUSATION

25. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

26. Defendants' negligence proximately caused the Plaintiff to fall to the ground and suffer bodily injuries and the resulting medical treatment for said injuries.

27. Defendants John Doe Entities 1-3 are individuals and entities unknown at this time but are believed to have been involved, or to otherwise have legal liability as a result of the incident involving Steven Pettis.

## VII. **INJURIES AND COMPENSATORY DAMAGES**

28. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

29. Plaintiff Steven Pettis sustained personal injuries and damages that were proximately caused by Defendants' negligence. Accordingly, Plaintiff is entitled to the following damages:

   a) The nature, extent, duration, and permanency of his injuries;

   b) The full extent of the injuries he sustained;

   c) The expense of his medical care, treatment, and services received, including transportation, board, and lodging expenses and those expenses that are reasonably certain to be required in the future;

   d) Any pain, suffering, and mental anguish experienced in the past and reasonably certain to be experienced in the future; and,

   e) The visible results of his injuries.

30. The injuries described herein have been suffered in the past and will be continuing in the future.

31. Plaintiff Steven Pettis sustained personal injuries and damages that were proximately caused by Defendants' negligence. Accordingly, Plaintiff is entitled to the following damages:

   a) The nature, extent, duration, and permanency of his injuries;

   b) The full extent of the injuries he sustained;

   c) The expense of his medical care, treatment, and services received, including transportation, board, and lodging expenses and those expenses that are reasonably certain to be required in the future;

    d) Any pain, suffering, and mental anguish experienced in the past and reasonably certain to be experienced in the future; and,

    e) The visible results of his injuries.

32. The injuries described herein have been suffered in the past and will be continuing in the future.

## VIII. DEMAND FOR JURY TRIAL

33. Plaintiff hereby demands a trial by jury.

## IX. DEMAND & PRAYER

34. Plaintiff demands judgment against Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate his for his damages.

35. Plaintiff demands judgment against Defendants for pre-judgment interest and post judgment interest at the maximum rate allowed by law as well as for reasonable expenses, costs, and for all other proper relief to which he may be entitled.

                              Respectfully submitted,

                    BY:   /s/ Bryce Brewer
                            Bryce Brewer, AR Bar #2002013
                            Rainwater, Holt & Sexton, PA
                            P.O. Box 17250
                            Little Rock, AR 72222
                            501 868-2500
                            501 868-2505 – facsimile
                            bbrewer@rainfirm.com
                            *Attorney for Plaintiff*

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2020-Sep-22  17:23:32
60CV-20-5358
C06D09 : 2 Pages

# UNIFORM COVER PAGE
[To be used when required by Administrative Order No. 2 (g)*]

COURT:   CIRCUIT COURT OF PULASKI COUNTY

Docket/Case Number: _____

| | |
|---|---|
| CASE NAME: PLAINTIFF/ PETITIONER: | STEVEN PETTIS |
| DEFENDANT/ RESPONDENT: | CAPTAIN D'S, LLC, d/b/a, Captain D's Seafood Kitchen AND JOHN DOE ENTITIES 1-3 |
| TITLE OF PLEADING OR DOCUMENT BEING FILED (If a multi-part file, the designation "part _ of _" (example, part 1 of 2)): | EXHIBIT A |

*Administrative Order No 2.

    (g) *File Mark.* (1) There shall be a two inch (2") top margin on the first page of each document submitted for filing to accommodate the court's file mark. If the pleading or document must be filed in multi-parts because of size or for other reasons, the first page of each part must include the file name and file mark and shall clearly indicate the part number and number of parts (example, part 1 of 2).

    (2) If a document is such that the first page cannot be drafted to provide sufficient space to satisfy the file-mark requirement, the document must include the uniform cover page developed by the Administrative Office of the Courts and found under Forms and Publications at www.arcourts.gov.

| | |
|---|---|
| STATE OF ARKANSAS | ) |
|  | ) ss. |
| COUNTY OF PULASKI | ) |

### AFFIDAVIT

Before the undersigned Notary Public, duly commissioned and acting within the County and State aforesaid, appeared in person, Bryce Brewer, who stated the following under oath:

1. I am an attorney licensed in the State of Arkansas.

2. I represent Steven Pettis, in a claim against Captain D's, LLC d/b/a Captain D's Seafood Kitchen and John Doe Entities 1-3.

3. Defendants John Doe Entities 1-3 are unknown.

4. John Doe Entities 1-3 will be identified upon the taking of discovery by Plaintiff. They are sued individually and in their official capacity.

5. Further affiant sayeth not.

_____
Bryce Brewer

SUBSCRIBED AND SWORN to before me this 22nd day of September 2020.

_____
Notary Public

2/1/2028
My Commission Expires

Amy Jo Ann Richardson
Saline County
NOTARY PUBLIC – ARKANSAS
My Commission Expires   February 1, 2028
Commission No. 12703938

Page 8 of 8